IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**RAYMOND SMITH,**

    Plaintiff,

v.                                         **CIVIL ACTION NO. 5:17-CV-129**
                                                   **(BAILEY)**
**ERIC POPISH and**
**CITY OF WEIRTON,**

    Defendants.

## MEMORANDUM ORDER AND OPINION GRANTING IN PART AND DENYING IN PART CITY OF WEIRTON'S MOTION TO DISMISS

On this day, the above-styled action came before this Court for consideration of the City of Weirton's Motion to Dismiss [Doc. 4], filed August 14, 2017. The plaintiff did not respond. For the reasons stated herein, this Court **GRANTS IN PART AND DENIES IN PART** the City of Weirton's Motion to Dismiss **[Doc. 4]**.

## BACKGROUND

Plaintiff, Raymond Smith, filed a Complaint in the Circuit Court of Hancock County, West Virginia, on July 18, 2017 [Doc. 1-3]. The matter arises from plaintiff's contention that defendant, Eric Popish, a police officer with the City of Weirton Police Department, utilized excessive force in his interaction with plaintiff on January 10, 2016.

Specifically, plaintiff claims that on January 10, 2016, Officer Popish knocked on the door of plaintiff's home [Id. at ¶¶ 6-8]. Plaintiff claims Officer Popish "began berating [him] with profanity to retrieve 'his' dog, which was running loose" [Id. at ¶ 7]. Despite telling Officer Popish several times that the dog did not belong to him, Officer Popish allegedly

1

"continued to accuse Plaintiff and continued to escalate the situation" [Id. at ¶ 9]. Plaintiff then claims that Officer Popish accused plaintiff of "touching" him, followed by Officer Popish tackling plaintiff, beating him, handcuffing him, and taking him into custody [Id. at ¶ 10]. Plaintiff's daughter was also taken with plaintiff to the City of Weirton Police Department [Id. at ¶ 11].

At the police station, plaintiff claims he was seated on a bench and his handcuffs were removed [Id. at ¶ 12]. Plaintiff then asserts that his daughter began shouting that Officer Popish was hurting her and asked plaintiff to help, so plaintiff began reaching toward her [Id. at ¶ 14]. At that point, plaintiff claims Officer Popish "pulled him off the bench, slammed him to the floor and tazed him four (4) times, although Plaintiff was not resisting" [Id.].

Plaintiff asserts he was then charged with "Battery on a Police Officer, Obstructing an Officer, Disorderly Conduct, Dog Running at Large and Destruction of Property greater than $500" [Id. at ¶ 15]. Plaintiff claims the "Destruction of Property charge was because Defendant, Eric Popish, falsely alleged that Plaintiff had damaged his uniform shirt. Pictures were taken by a fellow officer with his shirt still on. The pictures show no damage whatsoever" [Id. at ¶ 16].

Plaintiff also asserts that "[t]he Defendant, Eric Popish, has prior claims against him for excessive force and was the subject of a federal investigation for such acts" [Id. at ¶ 17]. Finally, plaintiff alleges that "[a]s a result of . . . Eric Popish['s] actions, Plaintiff . . . sustained injuries to his face, neck, back and torso, suffered several seizures for six (6) months after the incident and incurred in excess of Five Thousand ($5,000) Dollars in medical expense[s]" [Id. at ¶ 18].

2

Accordingly, the Complaint alleges four counts against both defendants, Eric Popish and the City of Weirton, which include (I) Negligence, (II) Negligence, (III) Excessive Force, and (IV) "Civil Rights Violations" [Id. at ¶¶ 19-33]. With regard to defendant City of Weirton, to which the instant Motion pertains, Count I alleges that the City was "negligent in not setting and enforcing regulations to require all persons arrested by its police to be secured while in custody at all time[s]" [Id. at ¶ 21]. Count II alleges that the City "was aware of . . . Eric Popish['s] past use of excessive force, but allowed him to continue as a police officer without providing proper supervision or re-training" [Id. at ¶ 24]. Count III alleges the same as Count II, and further states that plaintiff "is entitled to punitive (exemplary) damages from the Defendants" [Id. at ¶¶ 27-28]. Finally, Count IV alleges civil rights violations for malicious prosecution [Id. at ¶¶ 30-31].

The action was removed to the United States District Court for the Northern District of West Virginia based on federal question jurisdiction on August 14, 2017 [Doc. 1]. Defendant, City of Weirton, also filed the instant Motion to Dismiss on August 14, 2017 [Doc. 4]. The Motion contends that the City of Weirton is "immune from any claim involving Officer Popish's alleged failure to secure plaintiff" (Count I) under West Virginia Code Section 29-12A-5(a)(4) [Doc. 5 at 4-5]. The Motion further contends that the City of Weirton "cannot be liable in connection with any allegations of excessive force committed by Defendant Eric Popish" (Counts II-III), again citing West Virginia Code Section 29-12A-5(a)(4) [Id. at 5-7]. Additionally, the Motion contends the City of Weirton "is entitled to immunity in connection with the negligence claims that are described in Plaintiff's Complaint" (Counts I-II), once again relying on West Virginia Code Section 29-12A-5(a)(4) [Id. at 7-9]. The Motion further contends that "Section 1983 claims are not viable against

3

cities" and therefore Count IV should "be dismissed as a matter of law" [Id. at 2-3]. Additionally, the City argues "Plaintiff's Malicious Prosecution claims should be dismissed as a matter of law" (Count IV), relying on West Virginia Code Section 29-12A-5(A)(2). Finally, the City argues it is "immune from any claim requesting punitive damages" pursuant to West Virginia Code Section 29-12A-7(a) [Id. at 9-10].

## LEGAL STANDARD

In reviewing the sufficiency of a complaint under Federal Rule of Civil Procedure 12(b)(6), a district court must accept the factual allegations in the complaint as true. *Zak v. Chelsea*, 780 F.3d 597, 601 (4th Cir. 2015) (citing *Matrix Capital Mgmt. Fund, LP v. Bearing Point, Inc.*, 576 F.3d 172, 176 (4th Cir. 2009)). While a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

A complaint must be dismissed if it does not allege "'enough facts to state a claim to relief that is *plausible* on its face.' *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007) (emphasis added)." *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* However, when reviewing the sufficiency of a

4

complaint, a court may also consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). A court may consider documents attached to a motion to dismiss when they are "integral to and explicitly relied on in the complaint and . . . the plaintiffs do not challenge [their] authenticity." *American Chiropractic Ass'n v. Trigon Healthcare, Inc.*, 367 F.3d 212, 234 (4th Cir. 2004).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" *Goodman v. Praxair, Inc.*, 494 F.3d 458, 464 (4th Cir. 2007) (quoting *Richmond, Fredericksburg & Potomac R.R. v. Forst*, 4 F.3d 244, 250 (4th Cir. 1993)).

## DISCUSSION

As noted, Count I alleges that the City of Weirton was "negligent in not setting and enforcing regulations to require all persons arrested by its police to be secured while in custody at all time[s]" [Doc. 1-3 at ¶ 21]. Count II alleges that the City "was aware of . . . Eric Popish['s] past use of excessive force, but allowed him to continue as a police officer without providing proper supervision or re-training" [Id. at ¶ 24]. Count III alleges the same as Count II, and further states that plaintiff "is entitled to punitive (exemplary) damages

5

from the Defendants" [Id. at ¶¶ 27-28]. Finally, Count IV alleges civil rights violations for malicious prosecution [Id. at ¶¶ 30-31]. This Court finds that Count I, Count IV, and any request for punitive (exemplary) damages should be **DISMISSED** as to the City of Weirton.

### A. Count I

Plaintiff alleges when he was taken to the police station he "had his handcuffs removed by Defendant, Eric Popish[,] and was seated on a bench" and "[d]espite the bench being equipped with hardware to which Plaintiff could have been handcuffed, the Defendant, Eric Popish, failed to do so" [Doc. 1-3 at ¶¶ 12-13]. Count I of the Complaint alleges "[t]he Defendant, City of Weirton, WV, was negligent in not setting and enforcing regulations to require all persons arrested by its police to be secured while in custody at all time[s]" [Id. at ¶ 21]. Thus, plaintiff seemingly alleges that the City of Weirton should have had a policy requiring police officers to handcuff, or otherwise secure, arrestees to a bench, or other immovable object, while seated in the police station. It seems the logic would then follow that, had such policy been in place, Officer Popish would have followed said policy, which would have prevented plaintiff from "reach[ing] toward" his daughter when she shouted, and therefore plaintiff would not have been "pulled . . . off the bench, slammed . . . to the floor and tazed . . . four (4) times" [Id. at ¶ 14]. Hence, plaintiff is alleging that the City of Weirton was negligent in not creating and implementing this policy.

Because the City of Weirton is a political subdivision of the State of West Virginia, the Governmental Tort Claims and Insurance Reform Act, West Virginia Code Sections 29-12A-1, *et seq.*, that governs the legal immunity of political subdivisions, is implicated in the lawsuit. ***Brooks v. City of Weirton***, 202 W.Va. 246, 248, 503 S.E.2d 814, 816 (1998).

6

Section 29-12A-5(a)(4) of the Act states that political subdivisions are immune from liability if a claim results from "[a]doption or failure to adopt a law, including, but not limited to, any statute, charter provision, ordinance, resolution, rule, regulation or written policy." W.Va. Code § 29-12A-5(a)(4). Plaintiff has asserted a negligence claim against the City of Weirton for an alleged failure to create a specific "regulation or written policy." Thus, under the plain language of the statute, the City of Weirton is statutorily immune from such a claim, and it therefore must be dismissed as a matter of law. *See* **State ex rel. City of Bridgeport v. Marks**, 233 W.Va. 449, 455, 759 S.E.2d 192, 198 (2014) ("In this case, there can be no question that the claims asserted by [plaintiff] emanate from an alleged failure to adopt 'regulation or written policy.' Because the claims at issue fall squarely within the purview of West Virginia Code § 29-12A-5(a)(4), the City and the Police Department are entitled to statutory immunity from liability for the claims asserted against them by [the plaintiff].").

Accordingly, Count I of the plaintiff's Complaint [Doc. 1-3] is hereby **DISMISSED** as to defendant City of Weirton.

### B. Count IV

Count IV of the Complaint alleges the City of Weirton violated the plaintiff's civil rights by "maliciously prosecut[ing] the Plaintiff, Raymond Smith, which criminal charge was subsequently dismissed" [Doc. 1-3 at ¶ 31]. Thus, while not stated directly, it is presumed plaintiff asserts this claim pursuant to 42 U.S.C. § 1983.

Defendant, City of Weirton, first argues that "Section 1983 claims are not viable against cities, and plaintiff's claim against the City of Weirton should therefore be

7

dismissed as a matter of law" [Doc. 5 at 2]. The City argues that "claims under Section 1983 are directed at persons . . . the City of Weirton is a city and is not a person . . . [and] therefore [it is] clear that the City of Weirton is not amenable to a Section 1983 claim" [Id.].

Bluntly, the City is wrong—it is a "person" under the law. While the City is correct that the Supreme Court of the United States stated in *Will v. Michigan Department of State Police*, 491 U.S. 58 (1989), "neither a State nor its officials acting in their official capacities are 'persons' under § 1983," the Court also said "States are protected by the Eleventh Amendment while municipalities are not." *Will*, 491 U.S. at 70. The Court went on to state that immunity from suit under § 1983 "applies only to State or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.*

The City cites several cases in which federal courts have found government entities, such as state prisons, to be immune from suit under § 1983, but such entities were found to be "arms of the State" for Eleventh Amendment purposes. Here, plaintiff is not suing a prison, but the City of Weirton itself. Thus, an "arms of the State" analysis is not necessary. It is clear that "[t]he bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances, but does not extend to counties and similar municipal corporations." *Mt. Healthy City Sch. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977) (citing *Lincoln Cty. v. Luning*, 133 U.S. 529, 530 (1890); *Moor v. County of Alameda*, 411 U.S. 693, 717-21 (1973)) (internal citations omitted). Therefore, because the City of Weirton is a "person" for the purposes of § 1983, it can be party to a § 1983 action, and thus Count IV will not be dismissed on that ground.

However, malicious prosecution claims have a one year statute of limitations. *See*

*Herbert J. Thomas Mem'l Hosp. Ass'n v. Nutter*, 238 W.Va. 375, 390, 795 S.E.2d 530, 545 (2016) ("Numerous torts such as libel, defamation, false arrest, false imprisonment, and malicious prosecution take the one-year statute of limitations set forth in West Virginia Code § 55-2-12(c).") (quoting *Wilt v. State Auto. Mut. Ins. Co.*, 203 W.Va. 165, 170, 506 S.E.2d 608, 613-14 (1998); see also *Snodgrass v. Sisson's Mobile Home Sales, Inc.*, 161 W.Va. 588, 593-95, 244 S.E.2d 321, 325 (1978); *Rodgers v. Corp. of Harpers Ferry*, 179 W.Va. 637, 640-41, 371 S.E.2d 358, 361-62 (1988). Since the allegedly improper arrest occurred on January 10, 2016, and this action was filed on July 18, 2017, the malicious prosecution claim is barred by the applicable statute of limitations.

Accordingly, Count IV of the plaintiff's Complaint [Doc. 1-3] is hereby **DISMISSED** as to defendant City of Weirton.

### C. Punitive Damages

Plaintiff's Complaint seeks not only general and compensatory damages but also punitive (exemplary) damages [Doc. 1-3 at 7-8]. Section 29-12A-7(a) of the Governmental Tort Claims and Insurance Reform Act states "[i]n any civil action involving a political subdivision or any of its employees as a party defendant, an award of punitive or exemplary damages against such political subdivision is prohibited." W.Va. Code § 29-12A-7(a). The Supreme Court of the United States has also held "that a municipality is immune from punitive damages under 42 U.S.C. § 1983." *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Thus, it is clear punitive (exemplary) damages are not available against the City of Weirton. Accordingly, any request for punitive (exemplary) damages against the City of Weirton is hereby **DISMISSED**.

### D. Counts II-III

Count II of the Complaint, titled "Negligence, City of Weirton, WV" alleges that the City of Weirton "was aware of Defendant, Eric Popish['s], past use of excessive force, but allowed him to continue as a police officer without providing proper supervision or re-training" [Doc. 1-3 at ¶ 24], and that "as a result of this negligence, Plaintiff, Raymond Smith, suffered part of his injuries" [Id. at ¶ 25]. Count III states the exact same language, but is titled "Defendant, Eric Popish's Excessive Force" [Id. at ¶ 27]. While it is unclear exactly what the plaintiff is alleging in these different titled counts with the same language, this Court believes plaintiff is attempting to assert two negligent supervision and training claims–the first, Count II, being based in state law, and the second, Count III, based on 28 U.S.C. § 1983. The Court will address each of these claims, and the City of Weirton's arguments for why dismissal is proper, in turn, beginning with Count III–the § 1983 claim.

First, the City of Weirton asserts that "Section 1983 claims are not viable against cities, and plaintiff's claim against the City of Weirton should therefore be dismissed as a matter of law" [Doc. 5 at 2]. As previously discussed, municipalities, such as the City of Weirton, *are* subject to suit under § 1983. Therefore, the City's first argument fails.

Next, the City argues "that liability cannot be solely predicated on a *respondeat superior* theory in a Section 1983 action" and that "a supervisor or supervising body, such as the City, can only be held responsible for the actions of its subordinate, if the subordinate acted pursuant to an official policy or custom for which the supervising body is responsible" [Id. at 2-3]. The City argues that "plaintiff's Complaint does not allege that any employee of the City of Weirton violated plaintiff's rights, pursuant to an 'official policy

10

or custom' of the City" [Id. at 3]. The City further argues that plaintiff's Complaint "fails to discuss any policy of the City in any way" and "plaintiffs' [sic] Complaint does not refer to any documented or wide-spread pattern of excessive force occurring in Weirton, West Virginia" [Id.]. Accordingly, the City argues "all claims against the City should be dismissed as a matter of law" [Id.].

The City is correct that "a municipality cannot be held liable *solely* because it employs a tortfeasor—or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." **Monell v. Department of Soc. Servs. of City of N.Y.**, 436 U.S. 658, 691 (1978). However, that does not mean municipalities are immune from suit under § 1983 for the type of claim plaintiff asserts here. While liability cannot be "vicariously [imposed] on governing bodies solely on the basis of the existence of an employer-employee relationship with a tortfeasor," it can be imposed on a municipality that, "under color of some official policy, 'causes' an employee to violate another's constitutional rights." *Id.* at 692. Stated differently, "a local government may not be sued under § 1983 for an injury inflicted solely by its employees or agents," but rather "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. "Locating a 'policy' ensures that a municipality is held liable only for those deprivations resulting from the decisions of its duly constituted legislative body or of those officials whose acts may fairly be said to be those of the municipality." **Board of Cty. Comm'rs v. Brown**, 520 U.S. 397, 403-04 (1997). "Similarly, an act performed pursuant to a 'custom' that has not been formally approved by

11

an appropriate decision maker may fairly subject a municipality to liability on the theory that the relevant practice is so widespread as to have the force of law." *Id.* at 404. However,

> it is not enough for a § 1983 plaintiff merely to identify conduct properly attributable to the municipality. The plaintiff must also demonstrate that, through its *deliberate* conduct, the municipality was the "moving force" behind the injury alleged. That is, a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights.

*Id.*

"That a plaintiff has suffered a deprivation of federal rights at the hands of a municipal employee will not alone permit an inference of municipal culpability and causation; the plaintiff will simply have shown that the *employee* acted culpably." *Id.* at 406-07. Instead, "a plaintiff seeking to establish municipal liability on the theory that a facially lawful municipal action has led an employee to violate a plaintiff's rights must demonstrate that the municipal action was taken with 'deliberate indifference' as to its known or obvious consequences. A showing of simple or even heightened negligence will not suffice." *Id.* at 407.

"'[D]eliberate indifference' is a stringent standard of fault, requiring proof that a municipal actor disregarded a known or obvious consequence of his action." *Id.* at 410. "A plaintiff must demonstrate that a municipal decision reflects deliberate indifference to the risk that a violation of a particular constitutional or statutory right will follow the decision." *Id.* at 411.

This "deliberate indifference" standard is undoubtably tough to meet—but not impossible. In fact, the Supreme Court of the United States has found in the past that an

12

"inadequate training" claim (which part of plaintiff's claim here asserts a lack of "proper re-training") "could be the basis for § 1983 liability in 'limited circumstances.'" *Id.* at 407 (citing *City of Canton v. Harris*, 489 U.S. 378 (1989)). A municipal decisionmaker's "continued adherence to an approach that they know or should know has failed to prevent tortious conduct by employees may establish the conscious disregard for the consequences of their action—the 'deliberate indifference'—necessary to trigger municipal liability." *Id.* (citing *City of Canton*, 489 U.S. at 390, 397 ("It could . . . be that the police, in exercising their discretion, so often violate constitutional rights that the need for further training must have been plainly obvious to the city policymakers, who, nevertheless, are 'deliberately indifferent' to the need.") ("[M]unicipal liability for failure to train may be proper where it can be shown that policymakers were aware of, and acquiesced in, a pattern of constitutional violations.")).

Here, plaintiff's Complaint alleges "[t]he Defendant, Eric Popish, has prior claims against him for excessive force and was the subject of a federal investigation for such acts." [Doc. 1-3 at ¶ 17]. The Complaint alleges further that "Defendant, City of Weirton, WV, was aware of Defendant, Eric Popish['s], past use of excessive force, but allowed him to continue as a police officer without providing proper supervision or re-training" [Id. at ¶¶ 24, 27]. This is certainly not enough proof to satisfy the high "deliberate indifference" standard necessary to find the City of Weirton liable—but this case is not at the stage of litigation requiring such proof. At the motion to dismiss stage, all that is required is that the plaintiff assert sufficient facts to make his claim "plausible." Taking plaintiff's assertions as true, as this Court is required to do, that Officer Popish has a history of excessive force,

13

and that the City of Weirton was aware of this history, the Court finds that plaintiff has plead sufficient facts to make his claim against the City plausible. It remains to be seen whether plaintiff will be able to meet the "deliberate indifference" standard necessary to impose liability, but plaintiff's pleading is sufficient to allow him the opportunity to attempt to prove his claim under that standard.

Accordingly, as to Count III, the City of Weirton's Motion to Dismiss **[Doc. 4]** is **DENIED**.

Turning now to plaintiff's apparent negligent supervision and training claim under state law (Count II), this Court finds plaintiff has plead sufficient facts to make a claim against the City of Weirton plausible under this theory of liability. The City argues that supervision and training of employees falls within the discretionary functions of a government agency, and therefore the City is entitled to common law "discretionary governmental functions immunity" [Doc. 5 at 7-9]. This Court disagrees.

The City is correct that "the broad categories of training, supervision, and employee retention . . . easily fail within the category of 'discretionary' government functions." ***R.Q. v. West Virginia Div. of Corrs.***, No. 13-1223, 2015 WL 1741635, at *4 (W. Va. Apr. 10, 2015) (citing ***West Virginia Reg'l Jail & Corr. Facility Auth. v. A.B.***, 234 W.Va. 492, 514, 766 S.E.2d 751, 773 (2014)). Negligent hiring, supervision, and retention claims are not "per se viable causes of action" against a municipality. *Id.* However, "to the extent petitioner can demonstrate that the respective State agencies violated a 'clearly established' right or law with respect to its training, supervision, or retention of . . . [an employee], the State agency is not entitled to immunity." *Id.* (citing ***A.B.***, 234 W.Va. at

14

515, 766 S.E.2d at 774).

> To prove that a clearly established right has been infringed upon, a plaintiff must do more than allege that an abstract right has been violated. Instead, the plaintiff must make a "particularized showing" that a "reasonable official would understand that what he is doing violated that right" or that "in light of preexisting law the unlawfulness" of the action was "apparent."

*Id.* at *5 (citing *Anderson v. Creighton*, 483 U.S. 635 (1987)).

It is clearly established that a free citizen is protected from the use of excessive force under the Fourth Amendment, and that a pretrial detainee is protected from the use of excessive force under the Fourteenth Amendment. However, here, it is a question of fact as to whether the City, through its alleged negligent supervision and training, infringed upon that right according to the applicable standard. "A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992). To survive a motion to dismiss, a complaint need only allege "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 547.

Plaintiff's Complaint alleges "[t]he Defendant, Eric Popish, has prior claims against him for excessive force and was the subject of a federal investigation for such acts," [Doc. 1-3 at ¶ 17], and that "Defendant, City of Weirton, WV, was aware of Defendant, Eric Popish['s], past use of excessive force, but allowed him to continue as a police officer without providing proper supervision or re-training" [Id. at ¶¶ 24, 27]. Taking these assertions as true, this Court finds plaintiff has alleged sufficient facts by which it is plausible the City could have infringed upon a clearly established right. That is not to say

15

that these allegations alone would be enough to survive a motion for summary judgment, but the pleading alleges sufficient facts to survive this present Motion to Dismiss.

Finally, to the extent that Count II is asserting a claim against the City based on state vicarious liability law, this claim must also be allowed to proceed. The City first argues that Officer Popish's alleged conduct must "be construed as being taken outside the scope of Officer Popish's employment," and because "political subdivisions are immune from any claim involving one of their employees acting outside the scope of their employment . . . any vicarious liability claim against the City . . . must be dismissed" [Doc. 5 at 6]. The City then argues that even "if plaintiff's vague allegations are construed as a claim that Officer Popish was acting within the scope of his employment, then the City of Weirton still could not be held vicariously liable in connection with said . . . claim . . . [because] if an employee is immune from a claim, then the employer cannot be vicariously liable in connection with the claim" [Id.]. The City argues Officer Popish is immune from liability under West Virginia Code Section 29-12A-5(b), and "[h]ence, because Officer Popish is immune with regard to this claim, it is clear that his employer, the City of Weirton, could not be vicariously liable with regard to the claim" [Id. at 7].

The City is correct that generally employers will not be found liable for the conduct of their employees if the conduct was outside the scope of the agent's employment. However, Officer Popish's alleged conduct was not taken clearly outside the scope of his employment. Additionally, if Officer Popish's conduct was taken within the scope of his employment, the City's claims as to their own immunity are misplaced. Even assuming, without deciding, that Officer Popish is immune from liability under West Virginia Code Section 29-12A-5(b) as the City claims, that does not automatically grant the City its own

16

immunity. Section 29-12A-5(c) clearly states "[t]he immunity conferred upon an employee by subsection (b) of this section does not affect or limit any liability of a political subdivision for an act or omission of the employee." W.Va. Code § 29-12A-5(c). Hence, Officer Popish's alleged immunity has no bearing on the immunity of the City itself.

Accordingly, as to Count II, the City of Weirton's Motion to Dismiss **[Doc. 4]** is **DENIED**.

## CONCLUSION

Accordingly, the City of Weirton's Motion to Dismiss **[Doc. 4]** is hereby **GRANTED IN PART AND DENIED IN PART**. As such, Counts I and IV of the plaintiff's Complaint **[Doc. 1-3]**, and any request for punitive (exemplary) damages, are hereby **DISMISSED** as to the defendant, City of Weirton.

It is so **ORDERED**.

The Clerk is directed to transmit a copy of this Order to all counsel of record herein.

**DATED**: October 2, 2017.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE

17